We now turn to Michael Anthony Deem v. . . I have two attorneys dividing up the other ten minutes. Mr. Levitz, who's representing Judge Gordon-Oliver and Barbara Goldberg, who's representing Robert J. Silvich, is that correct? And the other attorneys, the other defendants, Roland O'Rellyn, Robin Carton, Faith Miller, Angelina Young, are relying on their briefs, I believe. And I'm going to turn it over to you, Mr. Deem, to give you the briefs. Thank you, Your Honor. May it please the Court. Your Honor, the underlying complaint was filed while two different state proceedings were in progress. One, a matrimonial case in which divorce, equitable distribution, and custody were being litigated. The other, in family court proceedings under Article VIII of the New York State Family Court Act, were being litigated. The family court proceedings had absolutely nothing to do with custody or visitation. What did they have to do with? My wife's allegations against me, claiming that I committed various family offenses. But doesn't that have to do with custody and visitation? No, Your Honor. So the fallout from that wouldn't have an issue with custody. I submit it's not supposed to. In fact, the issue of custody was raised in a prior court conference, and Judge Gordon-Oliver refused to grant a temporary order of custody because the complaint I filed for divorce was filed prior to the family court proceedings. Therefore, the issue of custody was already in New York State Supreme Court. Subsequently, Judge Rice, in January 8th or 9th, stated that the children were not involved in the family court proceedings. Counsel, why shouldn't we abstain in this case, since it's very close to a matrimonial election and custody? What are we doing here? This is federal court. I tried matrimonials as a state court judge, but why are we in federal court with this case? This court, the complaint was filed near the beginning of those proceedings, and that is just a snapshot in time. My suspicions on what was going on were accurate, and subsequent proceedings in family court proved me to be correct. Number one, in order for the domestic relations exception to apply, I submit that there must be a domestic relationship between the parties. There's only one defendant that has a domestic relationship with either me or my children. Two, the issue of custody, visitation, et cetera, was not at issue in family court. The federal complaint arises exclusively from the conduct within the family court, so the domestic relationship, again, shouldn't apply. You can't say that Judge Arlene Gordon-Oliver has judicial immunity? No, not at all. She doesn't enjoy immunity at all, Your Honor. She is a judge. Yes, Your Honor, but her actions were taken after she recused herself. She disqualified herself, presumably pursuant to compelling state law, which requires her to do so when there is a personal bias where she believes that she can't judge the case fairly. After that, all she did was stay the proceedings? No, Your Honor. What did she do? After she did that, she extended the order of protection for, I believe, two months, again, failed to provide me a post-deprivation hearing, which— How could she do it? You named her as a defendant, so you sort of put her out of the box. All she did was try to keep the status quo until a new judge came in. Why isn't that within her conduct as a judge, which gives her immunity? Because it happened after she recused herself, Your Honor. She can't recuse herself saying that I'm prejudiced, I'm biased, or at least, you know, pursuant to statutory law, and then I'm going to extend the no-contact order of protection. If she can't do that, what makes that outside of the scope of her job as a judge? I mean, you may not like it. Maybe even she made a mistake, but the fact is that judges stay things. That's what judges do, and they generally get immunity for doing that. Understood, Your Honor, but not after they recuse themselves or decide to recuse themselves. She just loses the magic. Do you have a case, Your Honor? According to state law, yes, Your Honor. On disqualification, state— Is there a case, counsel, that says that once she recuses herself, she loses her judicial immunity? Is there such a case that says that? No, Your Honor. That's an issue of first impression. However, there is a state law, compelling state law, that says that once she recuses herself or disqualifies herself, she loses all jurisdiction. That's clear, and that's in my brief. Your view is that if a judge acts without jurisdiction, they lose immunity, even if it's a good faith mistake. Yes? After they recuse themselves, Your Honor, because there's no question with respect to jurisdiction. They can only transfer the case. And by extending the order of protection, she went well beyond that administrative requirement of just transferring the case. Okay. Well, let's hear from Attorney Levitz, representing Judge Gordon Oliver. Thank you, Your Honor. May it please the Court, my name is Philip Levitz, and I represent Judge Gordon Oliver. I'll be addressing the judicial immunity issue, and Barbara Goldberg, counsel for Defendant Dr. Filowich, will address the domestic relations abstention issue. The district court here correctly dismissed plaintiff's complaint against Judge Gordon Oliver because, as both of Your Honors suggested, it is barred by absolute judicial immunity and frivolous. Even after she recuses herself? Absolutely, Your Honor. And the reason for that, I think Your Honors were getting at, there's a different inquiry as to jurisdiction and immunity. The immunity question here is a very simple one. The reason for that is the question of whether a judge is entitled to immunity, is this a judicial act, and is this something that is not, or is this something that is clearly outside of all jurisdiction? Not just not within the jurisdiction, but clearly outside of all jurisdiction, in the absence of all jurisdiction. And that inquiry is an easy one here, and the reason for that is, the initial piece of this, is this something in her judicial capacity? Well, absolutely. Issuing an order, a routine housekeeping order to effectuate her recusal and simply stay the status quo, order of protection that was already in place before her recusal, I mean, clearly that's a judicial act. There's no question about that. And clearly it's something that's not clearly in the absence of all jurisdiction because the question of how you determine what's in the clear absence of all jurisdiction goes to whether you're doing something that's within the subject matter that your court deals with. Judge Warden Oliver is a family court judge. She was simply issuing a two-sentence order saying, I'm refusing myself and my existing order regarding protection, something that my court always does, is going to remain in place until a new judge . . . And why she recused herself? Why she recused herself? The record does not reflect that, but the recusal happened immediately after Mr. Deem sued her and the other defendants in this case. So he sued her before she recused herself? Correct. So the implication would be she recused herself because she was sued. Well, that's understandable. Exactly. So, I mean, that's really all this court needs to decide, but just to go through it in a little more detail, if it's helpful to the court, let me just step back and make clear exactly what the situation is here and in case there's any ambiguity. The only order that we're talking about here is literally a two-sentence email that was sent at the time that Judge Warden Oliver was sued saying, I'm refusing myself. This case is going to be transferred to a new judge. The existing order of protection is going to remain in place until the new judge can set a hearing on this shortly, you know, in the future. That's all that we're talking about. That was a totally routine judicial act. It's clearly within her immunity and that is all that's necessary to decide this case. I mean, another thing I'll just mention going back to the question of what is clearly in the absence of all jurisdiction, well, the judge also has to know the case process, has to know she's acting in the clear absence of all jurisdiction in order to lose her immunity. There's no allegation even in this case that Judge Gordon Oliver knew she was acting in the clear absence of all jurisdiction, and so she couldn't be stripped of her immunity for that reason either. The only way you're acting in the clear absence of all jurisdiction, again, is if there's no subject matter jurisdiction in your court, and as I believe Judge Sullivan, you alluded to, it doesn't matter whether the judge is accused of acting maliciously, erroneously, it makes no difference. As long as this action is within the subject matter of the court, which there's no dispute really here that Judge Gordon Oliver's action was, there's immunity. Thank you. Thank you, Your Honors. We'll hear from Attorney Goldberg on behalf of Dr. Filowich, who is the marriage counselor. Yes, that is correct, Your Honor, and it is our position that the district court properly dismissed the action as to Dr. Filowich and the other defendants based on the domestic relations abstention doctrine. The domestic relations abstention doctrine applies in cases where the issues are matrimonial or on the verge of being matrimonial, and one way that that has been expressed is whether the controversy begins and ends with a domestic dispute, and I think that that is clearly the case here, because all of these proceedings begin with a divorce, and after Mr. Deem allegedly made a discovery about his wife's alleged sexuality, that led them to consult Dr. Filowich in September and October 2017. After that, Mr. Deem commenced an action for divorce, and in connection with that divorce proceeding, he sought joint custody of the couple's two children. Again, I think that's clearly within the domestic relations abstention doctrine, and the other orders that are at issue, the family court orders of protection and the like, those are really secondary, and I think that they, too, come within the domestic relations extension doctrine. In addition, on what basis is Mr. Deem suing Dr. Filowich? What's the stature under which he's... He's trying to bring him under Section 1983, Your Honor. But he's not a state actor, is he? He is not a state actor by any conceivable stretch of the imagination, and even when Ms. Young, Angelina Young, the caseworker, consults him for his impressions, that doesn't suddenly turn him into a state actor. He's a private psychologist, a private marital counselor, and that is the context in which he was consulted by the parties, and if Mr. Deem doesn't like his diagnosis, that doesn't suddenly make him a state actor and turn this into a Section 1983 conspiracy. And I would think that if we go even further, we could even look at whether the allegations against Dr. Filowich are plausible, and I submit that they are not plausible, and they could probably have been subject to dismissal under Rule 12b-6 as well. But we don't get to the merits. We don't get to the merits. I think all the Court needs to do, really, is adhere to its prior decision in American Airlines against Block, which talks about the domestic relations extension doctrine. You keep referring to it as an abstention doctrine, and that's what American Airlines is, but there's another Second Circuit case that basically says that's not really an abstention doctrine. It's really an exception to diversity, and this is not a diversity case, at least in all its forms, right? No, it is not a diversity case, and I know that Mr. Deem has cited the case of Williams against Lambert, and he was critical of the district court for not mentioning Williams in its decision. But Williams is completely distinguishable from this case because Williams involves the constitutionality of a state statute, which treated children born out of wedlock differently from children born in wedlock for purposes of support agreements. So even though superficially that case might have had something to do with domestic relations, what was really at issue was the constitutionality of a state statute. And I think it clearly has nothing to do with what's involved here, and I think that that is the reason why the district court correctly did not cite it. And unless the Court has other questions, I'll rely on the arguments in the brief. Well, there are other courts outside of this circuit that have also declined to, I guess, follow us in American Airlines in terms of an abstention doctrine. They seem to be following the Supreme Court in Ankenbrandt, which talks about an exception to diversity, but they don't go so far as to say there's a matrimonial abstention doctrine for federal question claims, right? That is correct, Your Honor, but I... So what should we do? I think that this case is clearly governed by American Airlines, and as the district court pointed out, there have been a number of cases in this circuit which have... But American Airlines predates Ankenbrandt, right? So does Ankenbrandt call to question the validity of American Airlines? That's my question. I don't think so, Your Honor, because I think even Ankenbrandt recognizes the strong state to matrimony, child custody, and matters of that nature. So I do not think it calls it into question. Thank you. Mr. Deem, you have reserved three minutes for rebuttal. Thank you, Your Honor. So you sued Judge Gordon-Oliver even before she recused herself. Were you not aware of judicial immunity, absolute judicial immunity? When I originally named her, Your Honor, it was not in her individual capacity. I was only trying to get her to provide me with a post-deprivation hearing. I submit that all of the allegations in family court were based on fabricated allegations that originated with my wife as well as Dr. Filowich. It's not a matter of me not liking the diagnosis. It's that the diagnosis was fabricated. He knew it was fabricated. With respect to Judge Gordon-Oliver, Judge Gordon-Oliver, under controlling state law, has a duty to sit, even if she's named as a defendant in a lawsuit. You mean she shouldn't have recused herself after you sued her? Is that what you're suggesting? Under compelling state law, Your Honor, no. There has to be a specific bias or reason why she cannot be neutral. So the fact that she recused herself would lead to that. But if I may, Your Honor, I referenced this in my reply brief. In January 8th, I learned that the family court has a custom and practice of denying all discovery for orders of protection. And I think that's really what's at the heart of all of this. I was trying to get discovery to do this. Nobody was doing their job. Not Ms. Miller, not Ms. Carton, not the judge. Nobody. And I was trying to get some action on this. And now, in January... But you don't get to sue a judge. That's the point, right? It depends, Your Honor. I mean, maybe you didn't understand that at the time. So you're doubling down. You still think you get to sue a judge when you don't like her rulings? It depends, Your Honor. Okay. If she has jurisdiction... No, no, no. I'm talking about the initial claim you brought in this case. Right. You're saying you get to sue the judge because she didn't give you a hearing and she didn't give you discovery. That's what you're saying. For prospective relief, for equitable relief, yes. Under 1983, I'm allowed to do that. And that's what I was seeking to do. To get a post... How else am I going to get the hearing, Your Honor? I mean, the second department...  If the second department has a custom and practice of denying all discovery regarding orders of protection and I submit a custom and practice of denying both pre- and post-deprivation hearings, what else am I to do, Judge? You appeal the rulings, I guess. But I'm appealing to the department that put in place that ruling. Well, you appeal up through the state courts, but you don't... I tried that, Your Honor. I tried that in a different case. The third department... Well, if you're not happy with our ruling, are you going to sue us? No, Your Honor. I'll appeal it. I'm gratified to hear it. Thank you. Thank you both for reserved decisions. The next two cases on our calendar are on submission, so I will ask the clerk to adjourn court. Court is adjourned.